## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

MARIO A. MILLS                         Case No. 07-Cr-308
  a/k/a MOESKI,
DEMETRIK L. WILLIAMS
  a/k/a OLD MAN and
ARMAND LEE
  a/k/a MONEY MIKE,

      Defendants.

## DECISION AND ORDER

## NATURE OF THE CASE

On November 27, 2007, a federal grand jury sitting in this district returned a six-count indictment against defendants Mario A. Mills, a/k/a Moeski, Demetrik L. Williams, a/k/a Old Man, and Armand Lee, a/k/a Money Mike. Count One charges all of the defendants with conspiracy to distribute a controlled substance, namely 50 grams or more of a mixture and substance containing cocaine base, in the form of "crack" cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846 and 18 U.S.C. § 2. Counts Two through Six charge specific defendants with distributing a mixture and substance containing cocaine base in the form of "crack" cocaine, a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. Defendant Mills is charged in Counts Two, Three and Four. Defendant Williams is charged in Count Five and defendant Lee is charged in Count Six.

All the defendants appeared before United States magistrate judges for arraignment, entering pleas of not guilty. Pursuant to the pretrial scheduling order issued at that time, defendant Williams has filed a motion to compel identification of confidential informants (Docket #33) and defendant Mills has filed a motion for disclosure of the identity of certain government informants. (Docket #34). These motions will be addressed herein.

## MOTION TO COMPEL
## IDENTIFICATION OF CONFIDENTIAL INFORMANTS
## AND
## MOTION FOR DISCLOSURE OF THE IDENTITY
## OF CERTAIN GOVERNMENT INFORMANTS

Defendant Mario A. Mills seeks disclosure of the identity of certain government informants pursuant to Roviaro v. United States, 353 U.S. 53 (1957), and its progeny and pursuant to his rights under the Fifth and Sixth Amendments to the United States Constitution. He asserts that the discovery provided to him by the government reveals that certain informants were witnesses to the crimes allegedly committed by him. Specifically, he identifies certain confidential informants by informant number who he asserts were transactional witnesses involved in alleged drug buys with him. He also lists other informants by number who either had alleged drug-related conversations with him or implicated him in the drug trafficking conspiracy.

Defendant Demetrik Williams also moves for an order compelling the government to identify confidential informants. He identifies two confidential informants who he asserts are transactional witnesses. Defendant Williams also seeks disclosure of "all informants [that] were transactional witnesses whether or not these persons are included in the discovery." (Defendant's Motion to Compel the Government to Identify Confidential Informants [Defendant

- 2 -

Williams' Motion] at 3). Thus, he seeks immediate disclosure of all informants who are transactional witnesses, even if they will not be called to testify at trial. (Docket #33).

In opposing the motions, the government states that it "has masked the identities of most of the individuals who have provided information or cooperated during this investigation" out of fear for their safety. (Government's Joint Response to Defendants' Motions to Reveal Identities of Confidential Informants [Government's Joint Response] at 2-3). Counsel for the government states that, to the extent the government intends to call any of the witnesses in its case-in-chief at trial, it will disclose that witness' identity two weeks prior to trial. However, if the government will not be calling these witnesses at trial, their identities will not be disclosed. The government states: "To the extent the defendant believes he can show a particularized need for the identity of these individuals, he can seek relief from the government or the court at that time." (Government's Joint Response at 3).

## ANALYSIS

It is well-established that the government has a limited privilege to withhold the identity of a confidential informant from disclosure. Roviaro v United States, 353 U.S. 53 (1957). "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." Id. at 59.

The law regarding the disclosure of the identity of a confidential informant was summarized in United States v. Andrus, 775 F.2d 825, 841-42 (7th Cir. 1985):

> In Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed. 2d 639 (1957), the Supreme Court held that the government's refusal to provide the defendant with the name of a confidential informant who "had taken a material

- 3 -

part in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused knowingly transported the drugs as charged" infringed the defendant's right to due process of law. Id. at 55, 77 S.Ct. at 625. To determine whether the government is required to disclose the identity of the informant, the court must balance the public interest in obtaining information necessary to apprehend those who have committed crimes against the defendant's interest in a fair trial. "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Id. at 62, 77 S.Ct. at 629. This court has held that Roviaro implied that the defendant must establish a genuine need for disclosure before disclosure should be ordered. United States v. Tucker, 552 F.2d 202, 209 (7th Cir. 1977). When the informant is a mere "tipster", rather than a participant or an eye witness to the event in question, disclosure will not be required. United States v. Lewis, 671 F.2d 1025, 1027 (7th Cir. 1982).

See also, United States v. Jefferson, 252 F.3d 937, 940 (7th Cir. 2001); United States v. Valles, 41 F.3d 355, 358 (7th Cir. 1994). While a defendant can overcome the confidential informant privilege by demonstrating a need for the information, he bears this burden in the face of the assumption that the privilege should apply. Valles, 41 F.3d at 358; see also, Jefferson, 252 F.3d at 941 (to overcome the limited privilege "a defendant must establish that the disclosure of the informant's identity is either 'relevant and helpful' to his defense or 'essential to a fair determination of a cause.'" [quoting Roviaro, 353 U.S. at 60-61]); United States v. Bender, 5 F.3d 267, 270 (7th Cir. 1993) (defendant must establish that defendant "possesses a genuine need of informant disclosure that outweighs the public interest.").

In Jefferson, 252 F. 3d at 939, an application for a search warrant was obtained based in part on a statement from a confidential informant who had made three drug buys from a residence within a ten-day period just prior to the application. The informant had been at the scene five minutes before the execution of the warrant. The court noted that the charges against Jefferson were based on the defendant's statements and on evidence obtained during

- 4 -

the execution of the search warrant, not on any activity that the confidential informant had witnessed. The court observed that the informant was not present when the search was conducted or the statements made. The court concluded that the informant was a "mere 'tipster'" and that the informant's identity was not subject to disclosure. Id. at 942.

In Bender, 5 F.3d at 270, the court compared the role of the informant to that of the informant in Roviaro where the government's limited privilege to withhold the identity of the informant "gave way." Id. The court noted that in Roviaro, the informant "'had taken a material part in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused knowingly transported the drugs as charged.'" Id. (quoting Roviaro, 353 U.S. at 55). In Bender, that court concluded that in contrast to the informant in Roviaro, the informant was not a transactional witness, that is, the informant was not an active participant in the investigation leading to the arrest. Rather, the informant was a "tipster" who supplied information to the police which led to the acquisition of a search warrant and to the search of the residence in issue.

In Valles, the informant introduced an undercover agent to the defendant and subsequently attended one other meeting between the parties. However, the informant did not participate in further communications or in the drug transaction. The trial court denied the defendant's motion to disclose the informant's identity. In upholding the trial court's decision, the appellate court stated that while the informant "was not strictly a 'tipster' in that he played a peripheral role in the transaction, neither was he a 'participant' whose conduct during the transaction was centrally relevant." 41 F.3d at 359; see Andrus, 775 F.2d at 842 (no disclosure

- 5 -

of informant who instigated an investigation of the defendant, but was not present at transactions alleged in the indictment).

Defendant Mills seeks disclosure of a number of confidential informants: CI-1, CI-2, CI-3, CI-023/CI-0423, CI-05-004, CI-05-009, in addition to CI-10 and an unnamed and unnumbered informant. Defendant Mills asserts that disclosure of the identity of CI-#10 is necessary because this CI is listed as the "CI used to make buy." (Defendant Mills' Motion for Disclosure of the Identity of Certain Government Informants [Defendant Mills Motion] at 3 [quoting Affidavit of Special Agent Raymond L. Taylor [Taylor Aff.]), ¶ 58.[1]  The three buys allegedly occurred on April 25, 2005, May 19, 2005, and June 9, 2005, and, according to defendant Mills, form the basis for Counts Two through Four of the indictment.

Defendant Mills also seeks disclosure of the identity of an unnamed and unnumbered confidential informant mentioned in a Milwaukee Police Department (MPD) supplemental report dated May 23, 2005. Defendant Mills states that, according to the report, this informant purchased controlled substances from defendant Mills on May 19, 2005, which appears to form the basis for the charge in Count Three of the indictment. The government does not dispute defendant Mills' assertions about CI-#10 and the unnamed and unnumbered CI.

These two informants – CI-10 and the unnamed, unnumbered CI – are not "mere tipsters," but played an integral part in the drug transactions with defendant Mills. Based on the information provided, they had been present when the alleged drug transactions occurred and might be material witnesses as to the nature and scope of the transactions. Thus, these two witnesses, as participants in the drug transactions, played a material part in the alleged

---

[1] A copy of the affidavit of Special Agent Raymond L. Taylor is not included with defendant Mills' motion, nor is it reflected on the docket in this case.

purchases of controlled substances from defendant Mills. As such, defendant Mills has established a genuine need for disclosure of the identities of CI-10 and the unnamed and unnumbered informant.

With respect to the other informant disclosures he seeks, defendant Mills has not shown that they were transactional witnesses. Rather, they provided information to law enforcement officials about defendant Mills' alleged drug activities and conversations with the defendant.[2] Defendant Mills has not established a basis for disclosure of the identities CI-1, CI-2, CI-3, CI-0423, CI-05-004, and CI-05-009.

Defendant Williams seeks disclosure of confidential informant #05-009 who allegedly was involved in a sale of cocaine in about October 5, 2005. Specifically, the defendant alleges that defendant Williams handed the CI-05-009 a bag of cocaine on October 5, 2005, based on the discovery materials provided to the defendants.

Defendant Williams states that CI-565 told government agents that he sold cocaine to defendant Williams beginning in 2001 until 2005, when he said he would sell defendant Williams one to two ounces every two weeks. It is unclear from the information presented whether any of these alleged sales are charged in the indictment or whether CI-05-009 provided information to law enforcement agents which lead to further investigation. Basically, defendant Williams has not provided sufficient information for the court to conclude at this time that he possesses a genuine need for disclosure of the identity of CI #565 that overcomes the confidential informant privilege. See Roviaro, 353 U.S. at 60-61; Bender, 5 F.3d at 270.

---

[2]To the extent any of these conversations involved exculpatory evidence, the government would, of course, be required to disclose such exculpatory evidence to defendant Mills pursuant to Brady v. Maryland 373 U.S. 83 (1963), and its progeny.

- 7 -

Defendant Williams also seeks disclosure of all transactional witnesses, even if these persons were not included in the discovery materials. As noted, the government has a limited privilege to withhold the identity of a confidential informant from disclosure. Roviaro, 353 U.S. at 59. A defendant can overcome this privilege by establishing that he has a genuine need for disclosure that outweighs the public interest. Bender, 5 F.3d at 270. A blanket order requiring disclosure of the identities of confidential informants without any showing of need for the information would undercut the limited informant privilege recognized in Roviaro. Thus, defendant Williams' request for this information, without a showing of genuine need for the information, will be denied.

The government asserts that it will identify the informants who will testify at trial two weeks prior to trial, but will not identify any transactional witnesses who will not testify. The government cites no authority to support its position that non-testifying transactional witnesses need not be disclosed. The fact that the government will not call a witness to testify at trial does not foreclose the defendant from calling that witness to testify. Moreover, in Roviaro, the Court held that a defendant's right to due process of law was infringed when the government refused to provide to the defendant the name of the confidential witness who "had taken a material part in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime and might be a material witness as to whether the accused knowingly transported the drugs as charged." 353 U.S. at 555. There is no indication that once a defendant establishes a need for an informant's identity thereby overcoming the limited informant privilege, such witness must testify on behalf of the government before such disclosure is required. Roviaro does not support the government's contention.

- 8 -

The government states that disclosure of transactional informants will be disclosed two weeks prior to trial. However, the court concludes that this time frame is not sufficient. Therefore, the government must disclosure of the identities of transactional informants three weeks before the trial in this case.

Accordingly, for the reasons stated herein, defendant Mill's motion for disclosure of the identity of confidential informants will be granted with respect to CI-#10 and the unnamed, unnumbered informant mentioned in the MPD supplemental report of May 23, 2005, and denied with respect to all other informants. Defendant Williams' motion for disclosure of the identity of confidential informants will be granted with respect to CI-#05-009 will be granted and denied in all other respects.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that defendant Demetrik Williams' motion to compel the government to identify confidential informants be and hereby is **granted** in part and **denied** in part as stated herein. (Docket #33).

**IT IS FURTHER ORDERED** that defendant Mario A. Mills' motion for disclosure of the identity of certain government informants be and hereby is **granted** in part and **denied** in part as stated herein. (Docket #34).

**IT IS ALSO ORDERED** that such disclosures shall be made three weeks prior to the trial in this case.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District

of Wisconsin's electronic case filing procedures.  Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case.  Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 23rd day of April, 2008.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

Case 2:07-cr-00308-JPS   Filed 04/23/08   Page 10 of 10   Document 41